In the Matter of the Estate of LAURA RICH, Deceased.

Surrogate's Court, New York County, December 22, 1933.

Swiger, Scandrett, Chambers & Landon [Robert A. Chambers, Joseph R. Kelley and J. Anthony Panuch of counsel], for the administrators c. t. a.

Sapinsley & Lukas [Edwin J. Lukas of counsel], for the petitioner.

Stewart & Shearer, for the New York Society for the Relief of the Ruptured and Crippled.

FOLEY, S. This proceeding is brought for the construction of the will and for a determination as to the validity and effect of the exercise of the right of election by the husband of the testatrix, under section 18 of the Decedent Estate Law. The plan of the will, in general terms, provides for the setting up of one-half of the estate in trust, with income payable to the husband for life. Upon his death, the principal of that fund is given to a sister of the testatrix, Ida Cole. There is directed to be set aside out of the residue a fund sufficient to produce an annuity of $1,200 per year to be paid to the mother of the testatrix. The remainder of that fund is to be disposed of as part of the residue. The residue is given to the sister of the testatrix named above. There are certain small legacies which are not material to the questions involved here.

The net estate amounts to approximately $80,000. The testatrix left no children or issue. It should be noted that by the benefits provided in the will for her surviving husband, she prevented him from electing to take his intestate share *outright*. The will created for him a trust in one-half of the estate. That was all the testatrix was required to set aside under the law for his benefit. She did all that the statute required her to do in order to protect the will and the estate from an absolute election by the husband. He became entitled, however, to a limited right of election, under section 18 of the Decedent Estate Law (Subd. 1, ¶ [b]), to withdraw absolutely the sum of $2,500 from the principal of his fund, which aggregates $40,000. Under the terms of that subdivision of the paragraph, after such withdrawal, the other terms of the will " remain effective." He now contends that because of the inclusion of paragraph eleventh of the will, he is entitled to withdraw his entire intestate share of one-half of the estate outright. The determination depends on the ascertainment of the intent of the testatrix rather than upon the effect of section 18 of the Decedent Estate Law. His contention must be overruled. I find no evidence of any intent on the part of the testatrix to permit him to take his intestate share absolutely and against the terms of the will.

Paragraph eleventh of the will reads as follows: " The provisions contained in this will in favor of my husband, Benjamin Rich, are made, and shall be accepted by him, in lieu of, and in place of any other interest or right in and to my estate given to him by law or statute; and if he shall accept, or elect to take, such interest in my estate as may be so granted to him by law or statute, then the provisions for him in this will contained shall be of no force and effect whatsoever and as if not contained herein." This paragraph was apparently written by the draftsman of the will under a misunderstanding of the provisions of section 18. Evidently he did not understand that the absolute right of election in a given case, when exercised, is in lieu of all benefits or legacies contained in the will for the surviving spouse. The thought must have been in the mind of the draftsman that the new right of election was similar in its effect to the right, formerly given to a widow, to elect to take dower in the real estate left by her husband. In such case the general rule was that where the will was silent as to an election by the widow, or there was not contained in the will a statement that the legacies to her were in lieu of dower, the widow was entitled to take the legacies and also her dower right. ( *Konvalinka* v. *Schlegel*, 104 N. Y. 125; *Horstmann* v. *Flege*, 172 id. 381.) There were certain exceptions to that rule which need not be discussed here. Under the provisions of section 18, where the right of election is *absolute* and the statute permits the election, the exercise of the election necessarily compels a relinquishment by the surviving spouse of all benefits contained in the testamentary instrument. Under that section also, where the right of election is *limited*, the amount withdrawn by the surviving spouse, when added to the benefits under the will, either by way of legacies or principal of trust fund, can never exceed the statutory intestate share — one-third where there are children and not more than one-half where there are no children. There is one exception to the latter rule, for, even if a trust fund created in the will for the surviving spouse is greater than the statutory intestate share, the widow or widower may withdraw the sum of $2,500 outright from the fund, under subdivision 1, paragraph (b).

Despite the misunderstanding on the part of the draftsman of the will of the provisions of section 18, I find a clear intent and purpose expressed by the testatrix that the provisions of paragraph eleventh of the will were intended to limit her husband to the income of one-half of her estate, subject, however, to his statutory right to withdraw the relatively small amount of $2,500 from the principal of the fund created for his benefit. By this paragraph she clearly intended that he should not be entitled to withdraw

his one-half outright share and at the same time retain the benefit of the trust income out of the other one-half of the net estate. It was to avoid the disinheritance of her mother and her sister, who appear, from the terms of her will, to have been the special objects of her bounty, that paragraph eleventh was inserted. She intended to prevent the husband from receiving the greater part of the estate, both by way of a right of election and by obtaining the testamentary benefits created for him. She clearly did not intend to defeat or greatly diminish the gift to her sister of the remainder in the husband's trust fund by permitting him to elect to take one-half of the estate outright. In other words, paragraph eleventh was a limitation upon his rights in the estate. It was not an enlargement of his right of election which would afford him the opportunity to take his intestate share outright, where the statute gave him no such right.

The contention of the husband is that by the provisions of paragraph eleventh the testatrix intended that his exercise of the limited election to withdraw the relatively small sum of $2,500 from the principal of his trust fund should nullify the provisions in the will for the trust income to him in one-half of the estate. I find no such evidence of intent or purpose. The will in its entirety presents a comprehensive plan for the disposition of the whole estate. The minor withdrawal of the limited amount of $2,500 by the husband does not disturb the general plan of distribution. The testatrix must be presumed to have known that the husband possessed this limited right to withdraw that amount from the principal of his trust fund. Paragraph eleventh cannot be interpreted as an indication of purpose on the part of Mrs. Rich to diminish the benefits which she had given to the relatives of her blood. I hold, therefore, that the testatrix provided for her husband to the full extent of his statutory rights. He is entitled to the payment of the withdrawable amount under his limited right of election. The will is otherwise immune from attack by him, and the remaining provisions of the trust for his benefit must stand, not because of the provisions of section 18 of the Decedent Estate Law, but because of the dominant expression of intent by the testatrix. In *Matter of Vowers* (113 N. Y. 569) the terms of the will were essentially different from those here, and the will left no doubt of the testator's intent. That case is not applicable as an authority here.

I hold, further, that the tenth paragraph of the will, which gave preference to the annuity to the mother of the testatrix, when construed with paragraph second, which directed the setting up of a fund sufficient to produce that annuity " out of the residue," has no effect upon the separate fund of one-half of the estate set up as

a priority for the husband. The fund for the husband was directed to be set up out of the " estate." The fund to produce the annuity for the mother was to be created out of the " residue." The general residue was the remaining one-half of the estate after the setting up of the husband's trust. Preference is to be accorded to the mother over the other legatees mentioned in the will within the general residuary bequests, and the husband's trust fund is necessarily excluded from diminution or reduction, except by his limited statutory right of withdrawal. The final residuary clause for the benefit of the sister of the testatrix is to be treated as a residue of a residue.

Submit decree on notice construing the will accordingly.