In the Matter of the Estate of SIDNEY RICE, Deceased.

Surrogate's Court, Kings County, May 28, 1935.

*Raymond Malone*, for the petitioner, Mary Rice.

*Sidney Ullman*, for the respondent, executor.

*Lester Kurzweil*, for the residuary legatee.

WINGATE, S. The present will, against which the surviving spouse here applies to exercise a limited right of election pursuant to the provisions of paragraph (b) of subdivision 1 of section 18 of the Decedent Estate Law, erects the entire estate into a trust for the benefit of the wife with a direction that the fiduciaries " pay out of the income of such investments and out of the principal, if necessary, the sum of Forty and 00/100 ($40.00) per month to my wife, Mary Rice, as long as she shall survive me."

The remainder, on the death of the wife, is payable, $2,000 to George Fox, and the balance to testator's brother, Lester Rice.

The portion of the statute which is applicable in this situation reads as follows: " Where the intestate share is over twenty-five hundred dollars and where the testator has devised or bequeathed in trust an amount equal to or greater than the intestate share, with income thereof payable to the surviving spouse for life, the surviving spouse shall have the limited right to elect to take the sum of twenty-five hundred dollars absolutely which shall be deducted from the principal of such trust fund and the terms of the will shall otherwise remain effective."

The policy of the law as thus stated is to give the surviving spouse $2,500 outright whenever the intestate share, as defined by the statute, exceeds this sum. That purpose must here be effectuated, so that she is now entitled to receive this sum.

Under the present will, the testator, in effect, however, did more than to give the wife the income from the trust which he erected for her benefit, since he authorized the invasion of the principal thereof to the extent necessary to make monthly payments to her of forty dollars per month. Since, however, she is entitled to $2,500 outright at the present time, this is insufficient to defeat the right which the statute gives her in this regard.

Due consideration for the rights of the remaindermen will, however, not permit her to claim the right of invasion given her by the will simultaneously with that given her under the statute, and the effectuation of the latter rights should be accomplished in a manner which, so far as possible, will leave the rights of the remaindermen unimpaired, where not directly affected by the statute.

The remaindermen, according to the testamentary desire, were to receive the entire principal of the estate less the difference between payments of forty dollars per month during the life of the widow and the income of the entire estate during that period. The rights of the widow under the will were correlative, and, so far as principal is concerned, were merely to receive so much thereof as was necessary to be added monthly to the income thereof to make up the monthly sum of forty dollars.

To state the matter concretely, let it be assumed that the total principal of the trust amounted to $6,000. If this were invested at four per cent, it would yield $240 a year, or twenty dollars a month. On this supposition, except for the gradual reduction of principal, resulting from its invasion, the widow under the terms of the will, would be entitled to monthly payments from principal of twenty dollars each. Her rights to invasion of principal following her unbalancing of the testamentary plan resulting from the assertion of her statutory rights should be made to correspond to those which she would have received under the will.

She is entitled to her $2,500 outright. She is also entitled for life to the income of the remaining portion of the principal of the trust, but she will not be entitled to any additional portion of the principal of the trust unless or until the $2,500 principal advance which she takes under the statute would have been exhausted in making the principal payments in the manner directed by the will. In other words, she is entitled to nothing except its income from the retained portion of the principal until the sums necessary to be deducted from the $2,500 paid over to her plus interest at four per cent on the monthly balances thereof, in order to make up the monthly payments of forty dollars, would have completely exhausted the $2,500 had it remained in the hands of the trustee as directed by the testator.

Since more than seven months have expired since the issuance of letters, and since the widow is apparently in dire need, her rights as hereinbefore defined should be effectuated promptly.

Enter decree on notice.