In the Matter of the Will of John W. Clark, Deceased. Sidney J. Loeb et al., as Executors and Trustees under the Will of John W. Clark, Deceased, Appellants; Mary M. Clark, Respondent.

Argued March 17, 1937; decided July 13, 1937.

*Sidney J. Loeb* for appellants. The will complied with section 18 of the Decedent Estate Law (Cons. Laws, ch. 13) which required only that a trust equivalent to the intestate share be established. (*Matter of Rich*, 149 Misc. Rep. 843; 242 App. Div. 613; *Matter of Curley*, 151 Misc. Rep. 664; *Matter of Bommer*, 159 Misc. Rep. 513.) The grant of broad powers to executors or trustees would not confer an absolute right of election upon the surviving spouse. (*Matter of Bommer*, 159 Misc. Rep. 511.)

*Charles A. Kussmaul, Carl S. Heidenreich* and *Charles F. Gerhmann* for Gustave. Bommer et al., as executors of Emil Bommer, deceased, et al., *amici curiæ*. No vested right exists under section 18 of the Decedent Estate Law until the decree of the Surrogate's Court is made determining the existence of that right. (*Brearley School* v. *Ward*, 201 N. Y. 358; *Matter of Bergdorf*, 206 N. Y. 309; *People* v. *Livingston*, 6 Wend. 526.)

*Robert P. Schur, Robert J. Fox* and *Hugo Wintner* for respondent. The trust provisions give the widow the right to reject the will and to elect to take her intestate

share. (*Matter of Curley*, 245 App. Div. 255; 269 N. Y. 548; *Matter of Bommer*, 159 Misc. Rep. 517.) The amendment to the Decedent Estate Law was not retroactive. (*Orinoco Realty Co.* v. *Bandler*, 233 N. Y. 24; *Addiss* v. *Selig*, 264 N. Y. 274; *Auto Car Sales Co.* v. *Hansen*, 270 N. Y. 414; *Benton* v. *Wickwire*, 54 N. Y. 226; *Hollenbach* v. *Born*, 238 N. Y. 34; *Columbus Trust Co.* v. *Upper Hudson E. & R. Co.*, 190 N. Y. Supp. 737; *Matter of Berkovitz* v. *Arbib & Houlberg*, 230 N. Y. 261; *City of New York* v. *Lawrence*, 250 N. Y. 429; *People* v. *Board of Supervisors*, 16 N. Y. 424; *Matter of Miller*, 110 N. Y. 216; *Laird* v. *Carton*, 196 N. Y. 169; *Brearley School* v. *Ward*, 201 N. Y. 358.) The rights of the petitioner had fully vested before the passage of the amendment. (*Matter of Bommer*, 159 Misc. Rep. 511; *People* v. *Powers*, 174 N. Y. 104; *Norris* v. *Beyea*, 13 N. Y. 273; *Westervelt* v. *Gregg*, 12 N. Y. 202; *Luhrs* v. *Eimer*, 80 N. Y. 171.)

O'BRIEN, J. By paragraph fourth, subdivision (a), of his will, executed August 3, 1933, John W. Clark established a trust for the benefit of his wife, Mary M. Clark, during her life, to consist of one-half of his net estate. In paragraph fourth, subdivision (b), he expressed his intention that such provision was made in lieu of dower and of all rights of election as provided by section 18 of the Decedent Estate Law (Cons. Laws, ch. 13). By codicil executed September 29, 1934, he amended paragraph fourth, subdivision (b), by adding this provision: " However, if my wife shall not accept the provisions herein contained in her favor, then it is my will that she shall receive no portion of my estate whatsoever and the bequest herein contained for her benefit shall thereupon be and the same hereby is revoked and shall become a portion of my residuary estate." By paragraph seventh of his will the testator empowers his executors and trustees to retain any of his property in the same form as it might be at the time of his death and to make distribution in kind at such value as they should

in their unrestricted discretion appraise it. The value so fixed should be binding upon all persons interested in his estate. The trustees are authorized by the same paragraph to invest in securities other than those designated by law as legal investments for trustees and by paragraph ninth they are relieved of giving a bond for the faithful discharge of their duties. By paragraph fifth the testator disposes of the remaining half of his estate by bequeathing legacies to certain relatives and friends. In subdivision (p) of that paragraph he directs in the event that such legacies should exceed one-half of his net estate, that they should proportionately abate.

After the will was admitted to probate, the respondent Mary M. Clark, as surviving spouse, gave written notice of election under section 18 of the Decedent Estate Law to take her intestate share against the will. This proceeding is one to determine the validity of her election. The Surrogate and the Appellate Division have decreed that the widow has validly exercised her right of election, to take against the terms of the will. This result was reached on the theory that the decision in *Matter of Curley* (245 App. Div. 255; affd., 269 N. Y. 548) is controlling.

In affirming the order in the *Curley* case without opinion, this court did not adopt the reasoning of the opinion at the Appellate Division. In reaching the same conclusion we were controlled by the fact that the trust created by that testator did not constitute the intestate share but we did not go so far as to decide that the trust must comply with section 111 of the Decedent Estate Law and section 21 of the Personal Property Law (Cons. Laws, ch. 41). In the case before us the testator bequeathed in trust for his widow's life one-half of his net estate which, unlike the provisions in the *Curley* will, must necessarily amount to that sum and which, unlike the trust in the *Curley* case, will yield a substantial income. Here we have a

trust in substance as well as form. The provisions of the seventh paragraph of the will now before us enjoin the exercise of discretion by the trustees in appraising and evaluating the properties. This discretion, although described as "unrestricted," must, of course, be genuine and not arbitrary. We do not read this provision as an attempt to perpetrate a fraud. The Surrogate has jurisdiction to direct an equitable distribution and valuation of the assets so as to insure to the widow her intestate share. Nothing in this will indicates an intent by the testator to establish such a trust as will yield little or no income or otherwise ingeniously to deprive the widow of her intestate rights. "A testamentary gift of an equal sum with the intestate share, *or a gift in trust of such a sum for the use of the surviving spouse for life,* or a combination of such gifts providing in the aggregate at least such a sum, *should constitute an equivalent of the intestate share.* * * * We conceive its [the Legislature's] intent to have been that the equivalent substitute of the intestate share in the form of a trust should be none other than *a trust for the benefit of the surviving spouse throughout life.*" (*Matter of Byrnes,* 260 N. Y. 465, 470, 471, 474.) This will, when fairly read, confers upon the widow all the rights which section 18 of the Decedent Estate Law gives her. There is no way by which the executors and trustees can deprive her of her share. As so interpreted, her rights are preserved and, accordingly, she may not elect.

The order of the Appellate Division and the decree of the Surrogate's Court should be reversed and the petition dismissed, with costs in all courts payable out of the estate.

CRANE, Ch. J., LEHMAN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Order reversed, etc.