In the Matter of the Estate of JACOB BODENSTEIN, Deceased.— Decree affirmed, with costs payable out of the estate. Memorandum: In a proceeding to determine the validity of a claim on behalf of a widow, who had been adjudged incompetent, to take her intestate share of her husband's estate, against his will, pursuant to section 18 of the Decedent Estate Law, we conclude that, upon the undisputed facts and in accord with section 18, subdivision 1, paragraph (b), and subdivision 6, her committee became entitled to a limited right of election on her behalf, to withdraw the sum of $2,500 absolutely from the principal of a testamentary trust created in her favor, the amount of which was equal to or greater than her intestate share. (*Matter of Rich*, 149 Misc. 843, 844-845; affd., 242 App. Div. 613.) Mindful that it was the Legislature's declared intention, when section 18 of the Decedent Estate Law was adopted, " * * * to increase the share of a surviving spouse in the estate of a deceased spouse * * * " and giving heed to the admonition that the statute " shall be liberally construed to carry out such intention " (Laws of 1929, chap. 229, § 20) we cannot accept appellants' argument

that section 18 must be so construed as to require the widow to exhaust the $2,500, which is to be deducted from the principal of the testamentary trust, before any withdrawals from income or the balance of principal are made for her care and maintenance. (See *Matter of Byrnes*, 260 N. Y. 465, 470–472.) All concur. (The decree determines decedent's widow has a limited right of election contrary to the terms of a will.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ.