In the Matter of the Estate of JOSEPH D. EDDY, Deceased.

Surrogate's Court, New York County, June 8, 1939.

*Fearey, Allen & Johnston [Henry Alan Johnston* of counsel], for Sally D. Eddy, widow.

*McCanliss & Earley [William Roberts* and *Arthur P. Cram* of counsel], for the executor.

*Cornelius J. Smyth,* special guardian for infants.

DELEHANTY, S. This proceeding seeks determination of the validity of an election filed against the will of deceased by his surviving widow. Deceased left issue him surviving and so the share of the widow in intestacy would equal one-third of the net estate.

The will of deceased makes specific gift of two articles of trifling value and then puts in trust all of the remainder of his estate — one-third for the benefit of his widow. No point is made by the surviving spouse respecting the trifling gift under the second paragraph of the will. Her position is asserted on an assumption that the provisions in the will for her do not deprive her of the asserted right of election.

Since no outright gift was made to her it is undisputed that the widow may exercise the partial right of election provided for in paragraph (b) of subdivision 1 of section 18 of the Decedent Estate Law. Accordingly her election is validated to the extent of directing payment to her of the sum of $2,500 outright. She may if she desires require the specific legatee under clause second of the will to contribute in redemption of the specific legacy one-third of the value thereof as a contribution to the sum of $2,500.

The substantial question is whether the spouse has an absolute right of election in total disregard of the trust provisions in the will. One argument in support of this claim of absolute right is based upon the finances of the estate as they have developed since its administration began. The surviving spouse points out that the

actual return by way of income on estate assets has been so small as to demonstrate that the provisions for her under the will will not furnish adequate support to her. Among other things she points out that deceased in his lifetime made a bargain with his then copartner for the liquidation by the survivor of them of the interest of the one first to die and that the terms of that liquidation program have not been lived up to by the survivor who is the executor and that thereby expected income has not been realized in fact. The court holds that these facts do not warrant validation of the claim of right to elect. If the executor shall have failed in his duty the court in a proper proceeding can hold him to account.

The provisions of the will give to the surviving spouse a fair cross-section of the actual estate assets as the principal of her trust and she is entitled to nothing more. There is no authority granted to the executor which would permit him validly to deprive the trust for the surviving spouse of its fair share of the capital assets or to deprive her of any part of the income actually earned thereon. The cited case of *Matter of Curley* (245 App. Div. 255; affd., 269 N. Y. 548) is, therefore, not applicable. The deductions drawn from that case and from the affirmance of it by the Court of Appeals are not warranted. The Court of Appeals said later in *Matter of Clark* (275 N. Y. 1) that it had concurred only in the result reached below in *Matter of Curley*. It is plain from *Matter of Clark* that the affirmance by the Court of Appeals of the result in the *Curley* case was due to the agreement by the Court of Appeals with the fact finding that the gift under the Curley will to the surviving spouse of Curley was illusory. It seems to this court that the *Curley* case is authority only for the proposition that a gift equal to the intestate share in form but actually illusory in fact does not bar the right of election.

The surviving spouse asserts that she has a right to elect because the will contains an *in terrorem* clause. There was such a clause in the will considered by the Court of Appeals in *Matter of Clark* (*supra*). That court did not specifically deal with the presence in that will of such a clause and it may be that the parties did not base any argument to the court upon its presence in the will. Without regarding the *Clark* case as a precedent, it seems to this court that the presence of the clause does not authorize an election. An election presupposes the existence of a probated instrument. All questions that would arise prior to probate are not pertinent to the right of election. The surviving spouse contends, however, that she was constrained by the threat of loss of the provisions for her in the will to surrender an opportunity to contest the will. The question is not here presented whether or not an unsuccessful

contest by a surviving spouse of a will containing an *in terrorem* clause will operate to deprive her of the benefits conferred by the will. The court expresses no opinion whatever on that subject. The facts here are that no contest was waged and that the *in terrorem* clause never can come into operation so far as the surviving spouse is concerned.

The provisions made for surviving spouses by section 18 of the Decedent Estate Law were designed to assure to surviving spouses who met the conditions of the section a right to a fair participation in the estate of the deceased spouse. There is nothing in the text of the section itself nor anything in the note of the Commission which presented the legislation to the law-making body for enactment to indicate that there was intended to be conferred upon surviving spouses any privileges or rights except those which are stated in express terms in the section. The grant of rights to surviving spouses by the section was a very substantial grant. Conditions may be envisaged, perhaps, which might appear to justify a contest of a propounded paper by a surviving spouse despite provisions for the spouse which meet the test in the statute prescribing the conditions for an election. Nevertheless the statute appears to have had no purpose except to assure an actually fair participation by the spouse in the estate. When that is present the right to elect is absent.

The court holds accordingly that the surviving spouse has the limited right to elect the immediate payment to her of the sum of $2,500 in cash in reduction *pro tanto* of the capital of the trust for her benefit. Otherwise the terms of the will remain effective.

Submit, on notice, decree accordingly.