In the Matter of the Estate of HELEN A. HIGGINS STOTT, Deceased.

Surrogate's Court, Westchester County, January 27, 1941.

*Dunlap, Otto & McGovern,* for the executor and trustee and residuary legatees.

*Topken & Farley,* for Asa John Stott.

MILLARD, S. This is a proceeding, brought by the executor herein to determine the validity of a notice of election filed by the surviving husband of this testatrix, pursuant to section 18 of the Decedent Estate Law.

Testatrix died on July 22, 1940, leaving a will dated November 12, 1937. She was survived by her husband and two nieces who, together, constitute all of her distributees. Under article " fifth " of her will, she directed that her entire residuary estate be divided into four equal parts or shares, two of which were given outright

to her two nieces. She directed that the remaining two shares be held in trust and the income therefrom paid over to her husband during his lifetime. She further provided that in the event that such income did not equal or exceed $150 per'month, then in that event the trustee was given power and authority to invade the principal of the trust to the extent of the deficiency. In other words, it is quite apparent from the language used by the testatrix that she intended that her husband should receive a minimum of $150 per month in any event. The husband has filed a notice of election wherein he claims the limited right, " to take the difference between the aggregate of the provisions under the will for my benefit and the amount of my intestate share as defined in subdivision 1, paragraph a, of Section 18, as well as to withdraw the sum of $2,500.00 pursuant to the provisions of subdivision 1, paragraph f, of said Section 18."

This will gives to the husband all that he is entitled to receive by statutory right, namely, the life use of one-half of the net estate. (Dec. Est. Law, § 18, subd. 1, ¶ |a].) He has, however, the right to withdraw the sum of $2,500 outright from the principal of the trust created for his benefit. (Dec. Est. Law, § 18, subd. 1, ¶ [b]; *Matter of Rich,* 149 Misc. 843; affd., 242 App. Div. 613.)

One further point remains for consideration. The executor contends that in the event of the withdrawal of $2,500 from the corpus of the trust, that such fund must first be exhausted toward making up the difference between the income earned and the required $150 per month, before resorting to the principal for such difference. Petitioner relies upon the authority of the opinion of the learned surrogate of Kings county in *Matter of Rice* (155 Misc. 678). Although there seems to be a dearth of authority upon this precise subject, the decision of the court in *Matter of Bodenstein* (257 App. Div. 901, 902) may be accepted as overruling the last cited authority. In this case the court stated: " Mindful that it was the Legislature's declared intention, when section 18 of the Decedent Estate Law was adopted, ' * * * to increase the share of a surviving spouse in the estate of a deceased spouse * * * ' and giving heed to the admonition that the statute ' shall be liberally construed to carry out such intention ' (Laws of 1929, chap. 229, § 20) we cannot accept appellants' argument that section 18 must be so construed as to require the widow to exhaust the $2,500, which is to be deducted from the principal of the testamentary trust, before any withdrawals from income or the balance of principal are made for her care and maintenance. (See *Matter of Byrnes,* 260 N. Y. 465, 470–472.) "

Subdivision 2 of section 18 of the Decedent Estate Law provides: "where any such election shall have been made, the will shall be valid as to the residue remaining after the elective share provided in this section' has been deducted and the terms of the will shall as far as possible remain effective."

"The testatrix must be presumed to have known that the husband possessed this limited right to withdraw that amount from the principal of his trust fund." (*Matter of Rich, supra.*)

. I, therefore, hold that Asa John Stott, the surviving husband of this decedent, is entitled to withdraw the sum of $2,500 from the principal of the trust for his benefit, no part of which shall thereafter be considered or computed in making up whatever deficiency there may be in the stipulated payments to which he is entitled under the the terms of the will. In so far as the husband seeks any further right of election, his application is denied.

Settle order accordingly.