## In the Matter of the Estate of LEO S. DE PINNA, Deceased.

Surrogate's Court, New York County, December 29, 1941.

*Seligsberg & Lewis* [*W. N. Seligsberg* and *Leonard L. Berliner* of counsel] and *Rosenberg, Goldmark & Colin,* for Vivian De Pinna, Ralph F. Colin and Henry S. Glazier, as executors, etc.

*Trosk & Haberman* [*George Trosk* of counsel], for Vivian De Pinna and Guaranty Trust Company of New York, trustees.

*Louis W. Dawson* [*Carl F. Hollander* and *Richard A. Jenks* of counsel], for The Mutual Life Insurance Company of New York, respondent.

*Alexander & Green,* for the Equitable Life Assurance Society of the United States, respondent.

*Grace Kelly Santo,* special guardian.

FOLEY, S.   The issues in this contested accounting proceeding are disposed of as follows:

(1) By the terms of paragraph fourth of the will the testator created a trust of all of his residuary estate with the net income thereof payable to his wife during her lifetime.   In addition, he directed his trustees " at any time and from time to time, upon the request of my wife Vivian, to pay to her from the principal of the said trust such amount or amounts as she may so request, not exceeding however the sum of two thousand, five hundred dollars ($2,500) during any one calendar year."   The widow of the testator has requested the payment to her, pursuant to the foregoing provisions of the will, of the sum of $2,500 from the principal of the trust for the year 1940.   She has also served notice of the exercise of her limited right of election, under section 18 of the Decedent Estate Law, to take the sum of $2,500 absolutely from the principal of such trust.

Dispute has arisen as to whether she is entitled to both forms of benefit, or whether payment under the one form precludes payment under the other.

It has been the declared intention of the Legislature that the provisions of section 18 of the Decedent Estate Law shall be liberally construed. (*Matter of Byrnes*, 260 N. Y. 465.) Such liberal construction requires the determination that the widow is entitled absolutely to the sum of $2,500 under the exercise of her limited right of election, and in addition, to the sum of $2,500 requested by her out of the principal of the trust for the calendar year 1940. (*Matter of Bodenstein*, 257 App. Div. 901, 902; *Matter of Stott*, [MILLARD, S.] N. Y. L. J. Feb. 5, 1941, p. 566.)

Although the testator in his will has provided for the widow to the full extent of her statutory rights, he has made no provision for the absolute payment to her of the sum of $2,500. The testator clearly did not intend the payment of sums not exceeding $2,500 during any one calendar year out of the principal of the trust to be in lieu of the limited statutory right of withdrawal of the sum of $2,500 absolutely. The statute contemplates a minimum outright payment of $2,500 to a surviving spouse. Where a trust fund equal to or greater than the intestate share is created for a surviving spouse for life, the withdrawal of the sum of $2,500, or any necessary part thereof to make up that sum, is payable from the principal of such trust fund and the terms of the will otherwise remain effective. (Dec. Est. Law, § 18, subd. 1, ¶¶ [b], [f].) The sole effect, therefore, of the exercise by the testator's widow of the limited right to take $2,500 absolutely was to reduce the trust fund for her benefit by that amount. The terms of the trust otherwise must stand, along with the right of the widow to payments annually, upon her request, of amounts up to $2,500, as directed by the testator.

(Other directions included in the original decision of the surrogate omitted because of their subordinate importance.)

Submit decree on notice settling the account accordingly.