In the Matter of the Estate of RUSSELL M. VAN ETTEN, Deceased.

Surrogate's Court, Ulster County, April 7, 1950.

*Thomas J. Plunket* for Russell V. Decker, as executor of Russell M. Van Etten, deceased.

*Lounsberry & Lonstein* for Jennie L. Van Etten.

STERLEY, S. This proceeding is brought for a determination of the validity of an election filed against the will of the deceased by his surviving widow. The deceased left no issue surviving and so the share of his widow in an intestacy would equal one half of the net estate.

The will of deceased makes specific gifts of articles of trifling value and in addition the eighth clause of the will directs the erection of a monument not to exceed $500 prior to the distribution of the residuary estate and the ninth clause of the will directs the deposit of $200 for perpetual care of the cemetery plot prior to the distribution of the residuary estate and then puts in trust all of the remainder of the estate for the benefit of the widow.

Since no outright gift was made to her it is undisputed that the widow may exercise the partial right of election provided for in paragraph (b) of subdivision 1 of section 18 of the Decedent Estate Law which provides as follows: " Where the intestate share is over twenty-five hundred dollars and where the testator has devised or bequeathed in trust an amount equal to or greater than the intestate share, with income thereof payable to the surviving spouse for life, the surviving spouse shall have the limited right to elect to take the sum of twenty-five hundred dollars absolutely which shall be deducted from the principal of such trust fund and the terms of the will shall otherwise remain effective."

It appears in this case that the decedent devised more than half of his estate to the executor in trust for his widow, she to receive the income therefrom. Accordingly, her election is validated to the extent of directing payment to her of the sum of $2,500 outright.

In *Matter of Rich* (149 Misc. 843, 844) the decedent provided in her will that one half of her estate be left in trust for the benefit of her husband and in a proceeding for the construction of the will and as to the validity and effect of the exercise of the right of election by the husband under section 18 of the Decedent Estate Law the court said " She did all that the statute required her to do in order to protect the will and the estate from an absolute election by the husband. He became entitled, however, to a limited right of election, under section 18 of the Decedent Estate Law (Subd. 1, ¶ [b]), to withdraw absolutely the sum of $2,500 from the principal of his fund, which aggregates $40,000. Under the terms of that subdivision of the paragraph, after such withdrawal, the other terms of the will ' remain effective.' He now contends that because of the inclusion of paragraph eleventh of the will, he is entitled to withdraw his entire intestate share of one-half of the estate outright. The determination depends on the ascertainment of the intent of the testatrix rather than upon the effect of section 18 of the Decedent Estate Law. His contention must be overruled ".

In *Matter of Eddy* (173 Misc. 723) the proceeding sought determination of the validity of an election filed against the will of deceased by the surviving widow. The court held as follows (p. 726): " The provisions made for surviving spouses by section 18 of the Decedent Estate Law were designed to assure to surviving spouses who met the conditions of the section a right to a fair participation in the estate of the deceased spouse. There is nothing in the text of the section itself nor

anything in the note of the Commission which presented the legislation to the law-making body for enactment to indicate that there was intended to be conferred upon surviving spouses any privileges or rights except those which are stated in express terms in the section. The grant of rights to surviving spouses by the section was a very substantial grant. Conditions may be envisaged, perhaps, which might appear to justify a contest of a propounded paper by a surviving spouse despite provisions for the spouse which meet the test in the statute prescribing the conditions for an election. Nevertheless the statute appears to have had no purpose except to assure an actually fair participation by the spouse in the estate. When that is present the right to elect is absent ''.

The court holds accordingly that the surviving spouse has the limited right to elect the immediate payment to her of the sum of $2,500 in cash in reduction *pro tanto* of the capital of the trust for her benefit. Otherwise the terms of the will remain effective.