Charles H. Griffiths, S.
Pursuant to a duly executed stipulation filed in this court on December 16, 1952, the sole issue presented at this time is the validity and effect of the widow’s right of election. The notice of election with proofs of service upon the executor was filed in this court on June 21, 1951.
The testator devised and bequeathed his entire estate to trustees and directed that one third of the net income of said trust be paid to his widow during her lifetime; the remaining two thirds of the income is payable to the children of the decedent and his widow. Upon the death of decedent’s widow the trust terminates and the remainder thereof is distributable to the issue of decedent and his widow per stirpes. In the event that the share of any one of decedent’s issue should exceed $20,000 there is a gift over of any such excess.
*17 By paragraph ‘ ‘ Seventh ’ ’ of his will the decedent specifically provided that the testamentary provisions for the benefit of his widow were in lieu of dower or ‘ ‘ interest which she may or can in any wise claim or demand out of my estate ’
The testator granted broad discretionary powers to the executors and trustees but did not authorize them to invest in nonlegal or ineligible securities. The will also contains exculpatory provisions for the fiduciaries and provides that they be permitted to act without bond. •
Decedent’s widow contends that she has the right to elect because of the aforesaid provisions and also because the testamentary provisions for her benefit are illusory in view of the fact that some of the estate assets are unproductive. The trust consists of the decedent’s entire estate after deducting debts, funeral expenses, administration expenses and estate taxes. Therefore, the nonproductivity of certain estate assets does not entitle the widow to elect. (Matter of Eddy, 173 Misc. 723, affd. 258 App. Div. 860, affd. 283 N. Y. 556.)
The authority and powers granted to the executors and trustees to administer the fund do not constitute such limitations upon the testamentary provisions for the widow’s benefit so as to entitle her to an absolute right of election. (Decedent Estate Law, § 18, subd. 1, par. [h]; Matter of Clark, 275 N. Y. 1; Matter of Eddy, supra.)
The court accordingly determines that the testamentary provisions for the benefit of decedent’s widow equal her intestate share. The widow therefore is entitled to receive the sum of $2,500 outright, pursuant to section 18 (subd. 1, par. [b]) of the Decedent Estate Law. The terms of the will shall be effective in all other respects.
This matter will be restored to the regular calendar on March 17, 1953 at 10:30 a.m. for the purpose of fixing a date for the hearing of objections herein.
Settle decree accordingly.