Peter M. Daly, J.
This is an application by the committee of an incompetent for permission to file, in the Surrogate’s Court, a right of election on behalf of the incompetent against the will of her late husband.
By the will of the incompetent’s deceased husband, the net income from his residuary trust estate was to be applied to his wife’s use, maintenance and support for life, with absolute discretion in the trustees at any time to apply to such purposes all or any part of the principal of said trust set up for her benefit. The will further provides that the trustees may invest and reinvest any funds in any property which they determine, without regard as to whether such is authorized for investment by fiduciaries under the laws of the State of New York. Furthermore, the trustees may serve without bond. The residuary *65 estate of the decedent totals approximately $200,000 and hence the intestate share of the incompetent would amount to far in excess of $2,500.
In determining whether or not to grant this relief, it is the function of this court to ascertain what, in all probability, would be the choice of the incompetent if she, herself, were competent to make that choice. (Matter of Hills, 264 N. Y. 349, 353-354.) It is, however, necessary in the first instance, to determine whether a choice exists in behalf of the incompetent.
Petitioner urges a right of election exists because, as heretofore noted, the trustees are permitted to invest in nonlegals and are not required to furnish a bond. In support of this contention, petitioner relies on Matter of Curley (245 App. Div. 255, affd. 269 N. Y. 548). In that case, the Appellate Division held that a trust for a spouse should comply with the terms of section 111 of the Decedent Estate Law and section 21 of the Personal Property Law (enumerating permissible investments) and that the trustees should be bonded. However, in Matter of Clark (275 N. Y. 1, 4) the Court of Appeals stated that in affirming the Appellate Division in the Curley case it did not go so far as to decide that the trust must comply with the afore-mentioned provisions of the Decedent Estate Law and the Personal Property Law. Moreover, after the Curley decision, paragraph (h) was added to subdivision 1 of section 18 of the Decedent Estate Law by chapter 234 of the Laws of 1936. Pursuant to this amendment, provisions in a testamentary trust to the effect that a trustee may act without bond and may invest in nonlegals do not create a right of election.
Under these circumstances, the court is of the opinion that a right of election is not available. "Where, as here, ‘ ‘ the intestate share is over twenty-five hundred dollars and where the testator has devised or bequeathed in trust an amount equal to or greater than the intestate share, with income thereof payable to the surviving spouse for life, the surviving spouse shall have the limited right to elect to take the sum of twenty-five hundred dollars absolutely which shall be deducted from the principal of such trust fund and the terms of the will shall otherwise remain effective.” (Decedent Estate Law, § 18, subd. 1, par. [b].)
Accordingly, the application is granted solely to the extent of permitting the committee, if so advised, to file for the limited right to take the sum of $2,500. In all other respects the application is denied.