In the Matter of MARGARET M. BYRNES, Respondent.
CITY BANK FARMERS TRUST COMPANY et al., as Executors of and Trustees under the Will of HARWOOD BYRNES, Deceased, et al., Appellants.

(Argued December 13, 1932; decided January 10, 1933.)

*C. Alexander Capron, Charles Angulo* and *Benjamin Nassau* for City Bank Farmers- Trust Company et al., appellants. Section 18 of the Decedent Estate Law does not give to a widow the right to reject the testamentary provisions made for her benefit in her husband's will. Her right of election is limited to the difference between her intestate share and the aggregate of the testamentary provisions for her benefit. (*Hilder* v. *Dexter*, [1902] A. C. 476; *Matter of Smallman*, 141 Misc. Rep. 796; *Stengel* v. *Edwards*, 98 Atl. Rep. 424; *Baugham's Estate*, 172 N. C. 170; *Matter of Plum*, 37 Misc. Rep. 466; *Matter of Terry*, 218 N. Y. 218; *Matter of Allen*, 111 Misc. Rep. 93; 202 App. Div. 810; 236 N. Y. 503; *Matter of Waddell*, 129 Misc. Rep. 495; *Rich* v. *Tiffany*, 2 App. Div. 25.) A trust for life, but subject to a condition against remarriage, is a valid trust for life within the meaning of section 18 of the Decedent Estate Law. (*Scott* v. *Tyler*,

2 Brown Ch. 431; *Robinson* v. *Martin*, 200 N. Y. 159; *Irwin* v. *Irwin*, 179 App. Div. 871; *Beardslee* v. *Beardslee*, 5 Barb. 324; *Durfee* v. *Pomeroy*, 154 N. Y. 583; *Miller* v. *Gilbert*, 144 N. Y. 68; *Dana* v. *Murray*, 122 N. Y. 604; *Matter of Plum*, 37 Misc. Rep. 466; *Matter of Smallman*, 141 Misc. Rep. 796.)

*William J. O'Shea, Jr., John H. Johnson* and *Edward D. Burns* for Ronald M. Byrnes et al., appellants. The recognition that the legislative purpose was to furnish protection and continuing support for a widow enforces the conclusion that a testator who provides adequately for the support of his widow until her death or remarriage fully complies with the legislative intent. For upon remarrying the widow obtains that protection and the additional means for support which marriage is usually presumed to bring. (*Robinson* v. *Martin*, 200 N. Y. 159; *Skidmore* v. *Skidmore*, 160 App. Div. 594; *Irwin* v. *Irwin*, 179 App. Div. 871; *Scott* v. *Tyler*, 2 Brown Ch. 431; David's New York Law of Wills, § 892; 2 Pomeroy Eq. Jur. [4th ed.] § 933; Jarman on Wills [7th ed.], p. 1496.) The residuary trust is a trust for the petitioner's benefit for life, and satisfies the requirements of subdivision 1 (e) of section 18. (*People* v. *Wainwright*, 237 N. Y. 407; *Perkins* v. *Smith*, 116 N. Y. 441; *Standard Oil Co.* v. *United States*, 221 U. S. 1; *Kepner* v. *United States*, 195 U. S. 100; *Matter of Schriever*, 221 N. Y. 268; *Durfee* v. *Pomeroy*, 154 N. Y. 583; *Miller* v. *Gilbert*, 144 N. Y. 68; *Dana* v. *Murray*, 122 N. Y. 604; *Weiss* v. *Mt. Vernon*, 157 App. Div. 383; 215 N. Y. 657; *Place* v. *Burlingame*, 75 Hun, 432; 149 N. Y. 617; *Giles* v. *Little*, 104 U. S. 291; Coke on Lyttleton, 42-a; *Matter of Plum*, 37 Misc. Rep. 466; *Matter of Smallman*, 141 Misc. Rep. 796; *People ex rel. Lyon* v. *McDonough*, 76 App. Div. 257.) If the residuary trust does not comply with subdivision 1 (e), then subdivision 1 (f) clearly applies. (*People ex rel. Killeen* v. *Angle*, 109 N. Y. 564; *People ex rel. Balcom* v. *Mosher*, 163 N. Y. 32; *Pennsylvania R. R. Co.* v. *Inter-*

national Coal Co., 230 U. S. 184; United States v. Alexander, 79 U. S. 177.)

Charles E. Hughes, Jr., and Ernest L. Wilkinson for respondent. A trust to apply income only until remarriage is not a trust for life within the meaning of section 18. (Legislative Document [1930], No. 69; Matter of Greenberg, 141 Misc. Rep. 875; Matter of Simcone, 141 Misc. Rep. 737; Matter of Hamlin, 226 N. Y. 407; Archer v. Equitable Life Assur. Society, 218 N. Y. 18; City Bank Farmers' Trust Co. v. N. Y. C. R. R. Co., 253 N. Y. 49; American Historical Society v. Glenn, 248 N. Y. 445; Flynn v. McDermott, 183 N. Y. 62; Camardella v. Schwartz, 126 App. Div. 334; Youngs v. Goodman, 240 N. Y. 470.) The trust in question is not within subdivision (f) of paragraph 1 of section 18 of the Decedent Estate Law. (Adams v. New York, Ontario & Western Ry. Co., 220 N. Y. 579; Bailey v. Columbian Rope Co., 184 App. Div. 718; Matter of Wagner v. Wilson & Co., 251 N. Y. 67.)

KELLOGG, J. Harwood Byrnes, dying on March 7, 1931, left a last will dated January 30, 1931, whereby he disposed of a gross estate of approximately $350,000. He bequeathed to charities the sum of $40,000. To his widow he gave outright automobiles, jewelry, furniture and the like, the value of which is conceded to have been less than $2,500. He devised and bequeathed the remainder of his property to trustees in trust " to collect and receive the income therefrom and to apply the net amount of such income to the use of my said wife, Margaret M. Byrnes, during her life, or until her remarriage." As the testator left no children or parents him surviving, but did leave a brother, the intestate share of the widow would have been $10,000 and one-half of the balance of his property. (Decedent Estate Law; Cons. Laws, ch. 13, § 83, subd. 4.) This proceeding was instituted by the widow under new section 145-a of Surrogate's Court Act to obtain a determination of the

validity of her election " to take an intestate share against the provisions " of the will, as such an election is provided for by new section 18 of the Decedent Estate Law. That section was added to such law by chapter 229 of the Laws of 1929 and applies in the instance of this will.

The section begins as follows: " § 18. Election by surviving spouse against or in absence of testamentary provision. 1. Where a testator dies after August thirty-first, nineteen hundred and thirty, and leaves a will thereafter executed and leaves surviving a husband or wife, a personal right of election is given to the surviving spouse to take his or her share of the estate as in intestacy, subject to the limitations, conditions and exceptions contained in this section." It is provided in paragraph (a) that the surviving spouse, in the exercise of election, shall in no event be entitled to take more than one-half of the testator's net estate, and that the words " intestate share," as used in the section, shall not be construed to mean more than such one-half. The absolute right of the surviving spouse to take her intestate share, as thus provided for, is limited by paragraphs (b), (c), (d), (e), (f), (g). Briefly, these paragraphs make provision as below stated.

(b) Where the intestate share is over $2,500, and the testator has given in trust an amount equal to or greater than the intestate share, " with income thereof payable to the surviving spouse for life," the surviving spouse may elect to take the sum of $2,500, absolutely, and this sum shall be deducted from the principal of the trust, the will to be effective in all other respects. (c) Where the intestate share is less than $2,500, the surviving spouse may take his or her share absolutely, in lieu of all provisions of the will. (d) Where the will contains an absolute gift to the surviving spouse, equal to or in excess of $2,500, and also creates a trust " for his or her benefit for life," of a principal sum, which, together with the outright gift, will equal or exceed the

intestate share, no right of election may be exercised. (e) Where the will gives outright to the surviving spouse a sum less than $2,500, and also gives in trust " for his or her benefit for life " a sum greater than the excess of the sum of the intestate share over the absolute gift, the spouse may take the sum of $2,500, inclusive of the gift, and there shall be deducted from the principal of the trust the difference between the sum of the absolute gift and $2,500. (f) Where the aggregate of the provisions under the will for the surviving spouse, " including the principal of a trust, or a legacy or devise, or any other form of testamentary provision," is less than the intestate share, the surviving spouse may elect to take the difference between such aggregate and the intestate share, the will to be otherwise effective. (g) " The provisions of this section with regard to the creation of a trust, with income payable for life to the surviving spouse, shall likewise apply to a legal life estate or to an annuity for life or any other form of income for life created by the will for the benefit of the surviving spouse. In the computation of the value of the provisions under the will the capital value of the fund or other property producing the income shall be taken and not the value of the life estate."

In making these provisions it was the evident purpose of the Legislature that a surviving spouse should retain the right to claim his or her full intestate share, in spite of any will, unless the instrument should provide substantial equivalents. A testamentary gift of an equal sum with the intestate share, or a gift in trust of such a sum for the use of the surviving spouse for life, or a combination of such gifts providing in the aggregate at least such a sum, should constitute an equivalent of the intestate share. The expression of that simple principle is somewhat complicated by the solicitude of the Legislature that the surviving spouse should in any event receive the sum of $2,500 absolutely, provided the

intestate share equals that sum. So it is provided that, in various contingencies, certain procedure should be followed, whereby the surviving spouse should receive $2,500 outright, whether by election against the will, or under the will itself, or by virtue of the two taken together, and that to compensate for the disturbance of the testamentary provisions, the amount received through election should be credited upon the principal of the trust fund which might be set up. The question involved here is whether or not a testamentary gift in trust for the life of a surviving spouse, or until she remarries, is in fact a trust for life within the meaning of section 18. If so, the gift in question would fall within the terms of paragraph (e) of section 18, and the right of election would be lost to the surviving spouse. If not, the right of election might be exerted by her. The courts below have held that the spouse is entitled to avail herself of an election.

Undoubtedly, at common law, an estate during widowhood is classed as an estate for life, determinable by remarriage. (*Matter of Schriever*, 221 N. Y. 268; *Durfee* v. *Pomeroy*, 154 N. Y. 583; *Giles* v. *Little*, 104 U. S. 291.) So, also, is an estate granted " to a man and woman during coverture, or so long as a man shall live in a certain house, or shall pay a certain sum, or until £100 be paid out of the income of the estate, even though the income of the estate be £10 by the year; or so long as the grantee shall maintain salt works on the land." (1 Washburn on Real Property [6th ed.], p. 103; 1 Coke upon Lyttleton, p. 717, 42 A.) Likewise, is an estate granted to a man " until he be promoted to a benefice." (Blackstone, book II, ch. VIII, 121.) It will be readily seen that if the common-law classification were held controlling and a trust estate during widowhood were regarded as a sufficient equivalent, under section 18, of an intestate share, a testator would equally well have the power to defeat an election on the part of his surviving spouse

by making bequests in trust for her life, subject to determination if conditions virtually incapable of performance were not fulfilled. We think that the Legislature had no thought to deprive a surviving spouse of an election, where a will made gifts in trust for life for the use of the spouse, which, while technically life estates, could not reasonably be regarded as substantial equivalents for the intestate share.

In submitting to the Legislature for adoption the new section 18 of the Decedent Estate Law, the Commission, previously appointed to make recommendations in respect to the rights of inheritance of a surviving spouse (Laws 1927, ch. 519), had this to say: " It does not seem to the Commission to be desirable that the right to take the intestate share should be given to the surviving spouse in every estate, regardless of its amount. But while immediate necessities should be provided for, there should be some limitation by way of permitting the income only upon the balance of the intestate share to be paid over during the life of the surviving spouse. Therefore, in the larger estates the Commission proposes to preserve to the testator a right to create a trust, with income payable to the wife, upon a principal equal to or greater than her intestate share." (Leg. Doc. [1930] No. 69, p. 87.)

In adopting the new section 18, as received from the hands of the Commission, the Legislature announced its intention to be " to increase the share of a surviving spouse in the estate of a deceased spouse, either in a case of intestacy or by an election against the terms of the will of the deceased spouse thus enlarging property rights of such surviving spouse," and stated that " such provisions shall be liberally construed to carry out such intention." (Laws 1929, ch. 229, § 20.)

Turning to the wording of section 18 we find that in paragraphs (b), (d) and (e) the technical phrase " Life Estate " or " Estate for Life " is nowhere used. In

these paragraphs the provisions for the substitution of a trust in place of the intestate share, deal with trusts which are described as trusts " with income thereof payable to the surviving spouse for life " or trusts " for his or her benefit for life." Paragraph (c) makes no provision for a trust. Paragraph (g) deals with a trust described as one " with income payable for life to the surviving spouse." Paragraph (f) deals with a case where the aggregate provisions under a will do not equal the intestate share. In our case, even assuming that a trust during widowhood is a sufficient trust for life under section 18, the aggregate provisions exceed the intestate share, so that paragraph (f) is not applicable. However, it is said that the paragraph supplies interpretive information wherewith to construe the nature of trust gifts, referred to in the other paragraphs, which were intended by the Legislature to constitute equivalents. This because it describes the aggregate of testamentary provisions which may be less than the intestate share to include " the principal of a trust, or a legacy or devise, or any other form of testamentary provision." The answer is that paragraph (g), immediately following, restricts the meaning of the phrase " the principal of a trust " by making reference to all previous trust provisions contained in the section, as provisions with regard " to the creation of a trust, with income payable for life to the surviving spouse."

We think that when the Legislature referred to trusts which should be regarded as the equivalents of the intestate share of the surviving spouse, as trusts " for his or her benefit for life," or as trusts " with income thereof payable to the surviving spouse for life," it intended thereby to use these words, not in a technical sense, but in the sense with which common usage would ordinarily invest them. If it had meant equitable estates for life, determinable by any condition which the testator might impose, it would have been easy for it

so to have stated. We conceive its intent to have been that the equivalent substitute of the intestate share in the form of a trust should be none other than a trust for the benefit of the surviving spouse throughout life. Not otherwise may the statutory injunction that the provisions, to " increase the share of a surviving spouse " shall " be liberally construed," be obeyed.

The order should be affirmed, with costs payable out of the estate.

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Order affirmed, etc.