## FIRST DEPARTMENT, DECEMBER, 1939.

### (December 1, 1939.)

In the Matter of the Estate of JOSEPH D. EDDY, Deceased.

SALLY D. EDDY, Petitioner, Appellant; THOMAS DICKSON, as Executor, etc., under the Last Will and Testament of JOSEPH D. EDDY, Deceased, Respondent; SALLY H. EDDY, MILDRED E. DUNN, 2ND, HARRIET HILDRETH DUNN, FRANCES LANIER DUNN and SARAH FRANCES DUNN, Infants, Respondents.

(CORNELIUS J. SMYTH, Special Guardian, etc.)

Decree, so far as appealed from, affirmed, with costs to the infants-respondents, payable out of the estate. No opinion.

Present — Martin, P. J., O'Malley, Townley, Dore and Cohn, JJ.; Cohn, J., dissents and votes to reverse; dissenting opinion by Cohn, J.

COHN, J. (dissenting). Clause "Fourth" of decedent's will provides as follows: "Should any of the beneficiaries under this Will object to the probate thereof or in any wise directly or indirectly contest or aid in contesting the same, or any of the provisions thereof, or the distribution of my estate thereunder then and in that event, the testamentary provision in this Will contained for such beneficiary so contesting or objecting to the probate of this Will, shall lapse and such beneficiary be absolutely barred and cut off from any share of my said estate."

This clause, obviously directed against the widow, who is the appellant, attaches a conditional limitation to the trust directed by the will to be set up for her. Read in conjunction with paragraph "B" of the "Third" clause of the will, the testator leaves one-third of his residuary estate to his widow for life subject to the condition that her interest will be terminated if she objects to the probate of the will or "in any wise directly or indirectly contest or aid in contesting the same, or any of the provisions thereof, or the distribution of my estate thereunder." The life estate contemplated by section 18 of the Decedent Estate Law must be an unconditional life estate with "income thereof payable to the surviving spouse for life." A trust which, as here, might be terminated during her lifetime is not an equivalent substitute for the intestate share so as to deprive her of the right of election. (Decedent Estate Law, § 18; *Matter of Byrnes*, 141 Misc. 346; affd., 235 App. Div. 782; affd., 260 N. Y. 465; *Matter of Matthews*, 255 App. Div. 80; affd., 279 N. Y. 732.)

Were we to assume that the only prohibited act in clause "Fourth" of the will is a contest of probate, appellant would still have the right to move to reopen the probate proceedings and thus bring about a contest to the probate. (Surr. Ct. Act, § 20, subd. 6.) In that way the condition set forth in the *in terrorem* clause of the will would be invoked.

Appellant's right of election depends upon the facts as they existed at the time of the testator's death. What has happened since then is immaterial; what might have happened is the determining factor. If appellant had failed to make her election within the time prescribed by statute and had then reopened the probate proceedings and unsuccessfully contested the probate, she would have lost whatever opportunity she might have had to elect to take as in intestacy and by contesting would have invoked the condition imposed by the will upon her life estate.

The decree should be reversed and appellant should be permitted to exercise her right to take one-third of the estate of her deceased husband as in intestacy in lieu of the provision made for her in her husband's will.