In the Matter of the Estate of JOHN R. SHEPPARD, Deceased.

Surrogate's Court, New York County, March 24, 1947.

*James L. Derby* and *Shepard W. Leigh* for Guaranty Trust Company of New York, petitioner.

*C. S. Dikeman* and *Denis B. Maduro* for City Bank Farmers Trust Company, respondent.

*William B. La Venture* for Emelie S. Schopp, respondent.

*John P. O'Brien,* special guardian for Jane R. Sheppard and others, infant contingent remaindermen, respondents.

COLLINS, S. This is a proceeding brought under section 145-a of the Surrogate's Court Act. The petitioner is the committee of the property of the incompetent widow of the testator.

By order dated May 6, 1946, the Supreme Court, New York County, empowered, authorized and directed the committee to serve and file a notice of election on behalf of the widow to take as against the will of the testator her intestate share. in the estate, pursuant to the provisions of section 18 of the Decedent Estate Law. Thereupon the petitioner served such notice of election upon the executor.

In paragraph second of his will the testator bequeathed to his widow all his furniture, fixtures, household goods and effects of all kinds and all articles of a similar type. This property was concededly worth less than $1,000. It is therefore exempt property under section 200 of the Surrogate's Court Act, and forms no part of the estate. The only other provisions for the widow are contained in paragraph eighth of the will. In that paragraph the testator gave his residuary estate in trust during the lives of his widow and son. Under

subdivision B of that paragraph he provided for the payment to his sister, Marion D. Wilson, of the sum of $10,000 per annum in equal quarterly installments, out of the income of the trust and directed that it be a first charge against the first income of the trust up to the said sum of $10,000 per annum. He directed that in the event that in any year the income of the trust is less than $10,000 the amount of the deficiency shall be paid to his sister out of the principal of the trust. Subject to the foregoing provisions, the testator directed his trustee to pay the net income to his widow and son in equal amounts for and during their joint lifetimes and upon the death of either one of them to pay the net income to the survivor of them for and during his or her lifetime. He then provided as follows: " (D) In addition, during the term of this trust I authorize and empower my Trustee to pay over and deliver to or apply for the benefit of my said wife and/or my said son and/or any descendant of mine so much of the principal of the trust as my Trustee, in its sole and uncontrolled discretion, shall deem necessary or advisable in order to provide for the expenses of any emergency or emergencies which may be incurred or suffered by my said wife and/or my said son and/or any descendant of mine. The decision of my Trustee as to the necessity and/or advisability of any such payment and as to the amount or amounts of any such payment and as to the method or manner of making any such payment shall be final, binding and conclusive upon all persons and parties interested in the trust estate, whether or not then in being."

The Surrogate holds that the benefits in the will for the widow are wholly ineffective to prevent the exercise of the right of election on her behalf to take her statutory share of one third of the estate under the provisions of section 18 of the Decedent Estate Law as against the terms of the will. (*Matter of Matthews,* 255 App. Div. 80, affd. 279 N. Y. 732.) The fact that the widow has substantial independent funds of her own or that she was given large funds by the testator during his lifetime cannot operate to deprive her of such intestate share nor does her incompetency or her advanced age or any other outside consideration affect such statutory right. A spouse may waive his or her statutory right by written agreement executed in the appropriate manner set forth in the section. She or he may be deprived of such statutory rights by certain acts set forth in section 18, such as abandonment or divorce or separation. When these circumstances are not present the decedent is powerless to deprive the surviving spouse of a right

to elect except by giving to such surviving spouse in the will the minimum requirements of the section. None of such circumstances is present here.

*Matter of Matthews* (*supra*), where the facts are almost identical, is direct authority for the conclusion reached by me. In that estate clause fifth of the will directed the payment of the income of the residuary trust fund in equal shares to the wife and mother of the testator. However, authority was there vested in the trustee under the eighth clause of the will to pay part of the principal in an emergency to the wife and/or mother in the absolute discretion of a vice-president of the trustee. The Appellate Division there said (p. 83): " Concededly, if the will in its provisions for the widow contained only clause fifth, above quoted, she would have no right of election."

It held, however, that the discretionary power granted by the will was potentially destructive of the corpus which the widow was entitled to have maintained for her benefit and that therefore she was not deprived of her right of election. The Court of Appeals unanimously affirmed.

It is urged by those who oppose the exercise of the election that paragraph (h) of subdivision 1 of section 18 of the Decedent Estate Law warrants the Surrogate in exercising his discretion to constitute two separate trusts in equal shares, one for the benefit of the widow and the other for the benefit of the son, with power of invasion for the benefit of the former of the principal only of her trust and with power to invade the principal of the trust for the son only for his benefit and/or any other descendants. They cite as authority for this contention *Matter of Mayers* (184 Misc. 413, affd. 269 App. Div. 1027). In that estate, however, no right of invasion of either principal or income was present in the will. It has therefore no application to the situation here. Moreover, while the Surrogate has the power in paragraph (h) to direct and enforce an equitable distribution, allocation or valuation of the assets of an estate to insure to the surviving spouse her intestate share (*Matter of Clark,* 275 N. Y. 1), he has no right to vary or modify or change the terms of the will to bring the gift to the spouse within the provisions of section 18.

Nothing that was said by the Court of Appeals or the Appellate Division in the decisions in *Matter of Matthews* (*supra*) could be interpreted as giving the Surrogate jurisdiction to make a distribution other than that provided for in the will. Stress is laid by those who contend that the widow has no

right of election on the fact that the Appellate Division in *Matter of Matthews* (*supra*) said that paragraph (h) of subdivision 1 of section 18 was not retroactive. That court did not say however that if it were retroactive there would have resulted a different construction of the will. In fact the court held, referring to the doctrine laid down in *Matter of Clark* (*supra*) that "' The surrogate has jurisdiction to direct an equitable distribution and valuation of the assets so as to insure to the widow her intestate share,' '' was not applicable, in their opinion, to the legal situation presented by clause eighth. It pointed out that an extension of that doctrine in the *Matthews* case would mean a rewriting of the will of the testator. The Executive Committee of the Surrogates' Association of the State of New York, which recommended the amendment, subsection (h), stated that its purpose was to '' allow a testator to do what otherwise he might lawfully do at present with his property but protects the rights of the surviving spouse by granting to the surrogate the supervisory power to assure the spouse fair participation in the distribution of the estate.'' A departure from the terms of the will was not authorized.

In the text of the will here the power of invasion vested in the trustee under subdivision (D) of paragraph eighth of the will is so broad that the trustee may in his sole and uncontrolled discretion expend any or all of the principal for the benefit of the son or any descendant of the testator to the detriment of the widow. The right to invade applies to the principal of the whole trust of the residuary estate. The Surrogate may not change the will to have it apply to only half of the trust. Similarly the charge of the sum of $10,000 per annum for the benefit of testator's sister, Marion D. Wilson, against the income and if necessary the principal of the trust, fails to assure the widow of her minimum statutory rights.

It has been suggested that the determination of the widow's right of election should be postponed until the initiation of an accounting proceeding by the executor. It is neither necessary nor proper to defer the question until that time. Whether the terms of the will sufficiently comply with the statute so as to prevent an election by the widow should be decided before the determination of the problem as to the source or sources from which the widow's elective share is to be paid. In the circumstances here disclosed she is entitled to take her intestate share irrespective of what may ultimately be found to be the value of the net residuary estate. This proceeding was

therefore properly brought. The right of election to take against the will is purely one of a construction of the instrument itself. The effect upon the terms of the will of the withdrawal of the elective share of the widow must be reserved for future determination in an accounting or other proper proceeding (*Matter of Byrnes*, 141 Misc. 346, affd. 235 App. Div. 782, affd. 260 N. Y. 465, motion for reargument denied 261 N. Y. 623).

One other point which is raised by the learned special guardian needs to be considered. He contends that the Surrogate should exercise his discretion in refusing to permit the committee of the incompetent to exercise her right of election. He cites as authority a decision by the Supreme Court, New York County, *Matter of Kohnstamm* (N. Y. L. J., May 22, 1941, p. 2298, col. 3). The Surrogate is without power once the Supreme Court has authorized and directed the election by the committee of the incompetent to again determine whether or not the committee should exercise such election. It is a matter exclusively within the jurisdiction of the Supreme Court.

Submit decree on notice determining the validity of the exercise of the right of election on behalf of the incompetent in accordance with this decision.