In the Matter of the Estate of EUGENE J. MEYER, Deceased.

Surrogate's Court, Erie County, January 11, 1950.

*De Sylva Drew* for Julia S. Meyer, petitioner.

*Robert Strebel* and *Selby T. Smith* for George M. Frauenheim, as executor-trustee under the will of Eugene J. Meyer, deceased, respondent.

*Ernest L. Colucci,* special guardian for infants.

BUSCAGLIA, S. This proceeding is brought pursuant to section 145-à of the Surrogate's Court Act by Julia S. Meyer, as surviving spouse of Eugene J. Meyer, deceased, the testator herein, for determination that the widow is entitled to elect to take her full intestate share as provided in subdivision 1 of section 18 of the Decedent Estate Law.

The petitioner urges two grounds for the relief sought: First, that the proposed trust for the use of the widow is insufficient in amount as required by paragraph (d) of subdivision 1 of section 18 of the Decedent Estate Law; and second, said trust, even if sufficient in amount, is insecure by reason of "potentially destructive" discretionary trustee powers.

The pertinent portions of the will are substantially as follows:

In paragraph " Second " $2,500 in cash is bequeathed to the widow.

In paragraph " Third " furniture and automobile are bequeathed to son, Eugene.

In paragraph " Fourth ", forty-nine bequests are made to various persons and corporations, totaling $290,000, " upon condition that my Executor and/or Trustee hereinafter nominated and appointed, in his sole discretion, shall have the right to defer the payment, without interest thereon, of any and all amounts so mentioned herein for such a time as he, in his sole discretion, shall deem for the best interests of my Estate, * * * ."

In paragraph " Fifth " the will provides: " All of the remaining estate, and the proceeds and avails thereof, whatsoever the nature of the same may be, together with any additions thereto by virtue of any lapsed legacies, I give, devise and bequeath the same to my Executor and/or Trustee hereinafter nominated and appointed and direct that he devise and dispose of the same in the manner following:  (a) forty per cent of the corpus thereof shall be held in trust  *  *  *  to invest and reinvest the same and receive the income therefrom, and after paying the necessary charges and disbursements thereon, to pay the net income to my wife, Julia S. Meyer, for and during the term of her natural life  *  *  *.  Upon the death of my wife  *  *  *  the net distributive share of my estate so set apart for my wife herein shall be disposed of by my executor and/or trustee in the manner following  *  *  *."

" (b) The remaining sixty per cent of my residuary estate shall be disposed of in manner following  *  *  *."

Counsel for the respective interests have ably and exhaustively presented their positions to this court in their arguments and briefs.

Subdivision 1 of section 18 of the Decedent Estate Law gives to the surviving spouse the personal right of election to take her share of the estate as in intestacy, subject to the other limitations therein set forth.  Paragraph (d) of subdivision 1 provides:  " Where the will contains an absolute legacy or devise, whether general or specific, to the surviving spouse, of or in excess of the sum of twenty-five hundred dollars and also a provision for a trust for his or her benefit for life of a principal equal to or more than the excess between said legacy or devise and his or her intestate share, no right of election whatever shall exist in the surviving spouse."

The position of the trustee-executor is that the provisions of the testator's will come under the requirements of paragraph (d) of subdivision 1 of section 18 referred to above.

The petitioner and the respondent both agree, however, that 40% of the remaining estate, after the payment of legacies provided for in paragraph " Fourth " of the testator's will is insufficient in amount to comply with the provisions of paragraph (d) of subdivision 1 of section 18.

The question then presented is, do the legacies provided for in paragraph " Fourth " of the testator's will become a part of the " remaining estate " as set forth in paragraph " Fifth ". If so, the amount of such legacies, as transferred to the remaining estate, would pass to the ultimate remainderman, as provided for in said paragraph " Fifth " of the will. This court is of the opinion that the legacies, as provided in paragraph " Fourth ", are not a part of the " remaining estate ".

The provisions granting to the executor and/or trustee sole discretion to " defer payment " do not change the effect of these bequests. He, the executor-trustee, may if he so desires, and in his sole discretion, make payment of the bequests in paragraph " Fourth " immediately or any other time to the specific legatees, but not later than six months after the death of the petitioner.

I am also of the opinion that even though the legacies in paragraph " Fourth " in the will could be considered part of the remaining estate, that the power given to the trustee-executor to defer payment in his sole discretion is a potentially destructive power, which might deplete and jeopardize, and would certainly render insecure the corpus and income of the widow's testamentary trust. (*Matter of Matthews,* 255 App. Div. 80, affd. 279 N. Y. 732; *Matter of Sheppard,* 189 Misc. 367.)

This court does not believe that the powers given to the Surrogate by paragraph (h) of subdivision 1 of section 18 of the Decedent Estate Law enable it to rewrite any of the provisions of paragraph " Fourth " or " Fifth " of the testator's will, so as to bring it within the provisions of paragraph (d) subdivision 1 of section 18. (*Matter of Matthews, supra.*) The provisions of a will depriving a spouse of an absolute right of election should be strictly construed in favor of the surviving spouse. (*Matter of Byrnes,* 260 N. Y. 465, 472; *Matter of Bommer,* 159 Misc. 511.)

The petitioner's application to elect, pursuant to section 18, to take her full intestate share of the estate in lieu of testamentary provisions for her benefit is, therefore, hereby granted.