Van Voorhis, J.
(dissenting). Petitioner-appellant is the surviving husband of Raia Wittner, deceased. He has elected to take his intestate share in her estate, against her will, under section 18 of the Decedent Estate Law. His petition for a decree establishing the validity of his election has been denied by the Surrogate, at least provisionally. The correctness of the Surrogate’s decision depends upon whether the testamentary trust created by decedent for appellant’s benefit complies with section 18 of the Decedent Estate Law, so as to supply a statutory equivalent for at least a portion of his intestate share. Whether it does so depends, in turn, upon whether the trustees are empowered to invade the principal for the benefit of anyone other than appellant. The Surrogate has held that the trustees’ power to invade the principal of this trust can be exercised for the benefit of appellant only. If this construction of the will be correct, the decree appealed from should be affirmed; otherwise it should be reversed and the prayer of petitioner-appellant granted, inasmuch as the principal of a testamentary trust for a surviving spouse cannot be subject to a power to spend it for other persons, if it is to furnish a statutory equivalent of the intestate share under section 18 of the Decedent Estate Law (Matter of Matthews, 255 App. Div. 80, affd. 279 N. Y. 732; Matter of Schmidt, 171 Misc. 95, affd. 257 App. Div. 827, affd. 282 N. Y. 787; Matter of Clark, 275 N. Y. 1, 5; Matter of Sheppard, 189 Misc. 367).
The will of this testator clearly authorizes invasion of the principal of appellant’s trust for the benefit of her son or daughter by a previous marriage, in event that either should become in need due to sickness or other misfortune. She granted a corresponding power to invade the principal of assets trusteed for her daughter to provide for wants of her husband or son, if reduced to similar extremity. These may have been wise and humane directions given by Mrs. Wittner in her will, but the question on this appeal is whether she created the kind of trust which section 18 of the Decedent Estate Law recognizes as a substitute for what a surviving spouse would inherit in case of intestacy. The structure of her will is as follows: Alter gifts of jewelry, furniture and other personal effects, the relative value of which was left to future adjustment under the decree of the Surrogate, testatrix gave $15,000 in trust for her daughter, and divided the residue equally into three parts, one of which was given outright to her son, one in trust for her daughter, and the third in trust for her husband, *764 the petitioner-appellant herein. Testator’s trustees “ are authorized, in their sole and absolute discretion, in the event of any need on the part of any of my children, or of my husband, occasioned by misfortune, sickness or by any other reason whatsoever, to pay to or use, apply or expend for the use and benefit of any of my said children or of my husband, the corpus of any trust fund held for the benefit of said child or of my husband to such extent and as often as said Trustees, in their sole and absolute discretion, may determine to be adequate to provide for the reasonable needs and comforts of any of my said children or of my husband during such period or periods of need.” (Italics supplied.)
The Surrogate has construed this clause to mean that testator’s daughter’s trusts can be invaded only for the benefit of her daughter, that her husband’s trust can be invaded only for the benefit of her husband, and that the trusts of neither can be invaded for the benefit of her son, for whom no trust was established by the will. This, in my judgment, runs counter to the unambiguous language used in the clause quoted above, that the principal of the trusts for her husband and daughter may be invaded in event of need “ on the part of any of my children * * * for the use and benefit of any of my said children ”, including her son who receives his share outright. In defeating the right of election by the surviving husband, the Surrogate has held that if testator’s son loses his inheritance and becomes in need occasioned by sickness or Other misfortune, none of the principal of the trusts created for her daughter or husband could be spent to aid her son. This is contrary to the direction that in such event the trustees are to apply for the use and benefit “ of any of my said children or of my husband, the corpus of any trust fund held for the benefit of said child or of my husband ”. (Italics supplied.) The use of the italicized words “ said child ”, in view of the fact that she had two children both mentioned in the will, indicates that she was aware that she was erecting a trust for one child but not for the other, and shows unequivocally that she intended that the corpus of the trust funds for said child or her husband were to be applied for “ any of my said children ”, which included her son. The antithesis in such close juxtaposition of the words “ any of my said children ” and “ said child ”, shows that she intended to include her son under the former expression but not under the latter, and precludes the construction drawn by the Surrogate, which would require a change in the phraseology so as to state that any trust fund held for the benefit of “ said child ” (her daughter) should be applied for the benefit of “ said child ”, instead of, as the will says, for the use and benefit of “ any of my said children ”.
The decree appealed from should, in my judgment, be reversed so as to allow to appellant his full intestate share in decedent’s estate.
Peck, P. J., Callahan and Shientag, JJ., concur in decision; Van Voorhis, J., dissents in opinion in which Dore, J., concurs.
Decree affirmed, with printing disbursements to the petitioner-appellant and the executors respondents payable out of the estate.