In the Matter of the Estate of ISRAEL HALPERIN, Deceased.

Surrogate's Court, Kings County, June 22, 1951.

*Arthur I. Winard* and *Richard R. Powell* for Nettie Helker and another, individually and as executors and trustees under the will of Israel Halperin, deceased, petitioners.

*Joseph W. Ferris* for Esther Halperin, respondent.

*Eli B. Levy* for Samuel Halperin, respondent.

RUBENSTEIN, S. This is a proceeding to determine the validity of the election by the widow pursuant to section 18 of the Decedent Estate Law and the effect on the will's provisions of the assignment of dower to the widow by the courts of the State of Florida.

Testator died in 1949, a resident of this county. His probated will, after small outright bequests to the widow, gave his entire estate, including the real property in Florida, valued at approximately one quarter of the total, to his four children as executors and trustees, in trust, however, for the benefit of his wife during her life, and after her death to the four children absolutely in equal shares.

The " Fifth " paragraph of the will provides that the provisions for the widow are in full satisfaction of her right of dower or any interest which she may claim in the estate. Subdivision " 10 " of the " Sixth " paragraph authorized the executors and trustees in their sole discretion to form a corporation and to

transfer to such corporation all the assets of the estate and to take the corporation's stock in exchange.

Disregarding the provisions for her benefit, the widow had dower assigned to her in the Florida lands in accordance with the laws of that State. Two of the executors, the petitioners herein, urge that the assignment of dower by the Florida courts has so frustrated the testamentary plan that the property attempted to be disposed of under it should be distributed as in intestacy. The widow has filed her election under section 18 of the Decedent Estate Law to take an intestate share of the estate in lieu of the provisions for her, thereby in effect joining petitioners in their prayer for relief. In addition, she claims that the provision authorizing the formation of the corporation permits her so to do in that thereby the will does not give her the protection the Legislature intended she should have. One of the executors has defaulted. The remaining executor opposes the petition principally on the ground that paragraph (h) of subdivision 1 of section 18 permits the formation of a corporation such as is authorized in the will.

The courts have uniformly ruled against provisions in wills which tend to whittle down the minimal requirements of the trust the Legislature has ordained shall serve as the substitute for the property which the surviving spouse would take in intestacy, that " adequate recognition " which the law commands shall be in the will to forestall the right to take an intestate share. (*Matter of Byrnes,* 141 Misc. 346, 349, affd. 235 App. Div. 782, affd. 260 N. Y. 465; *Matter of Filor,* 267 App. Div. 269, affd. 293 N. Y. 699; *Matter of Curley,* 245 App. Div. 255, affd. 269 N. Y. 548; *Matter of Matthews,* 255 App. Div. 80, affd. 279 N. Y. 732; *Matter of Wittner,* 301 N. Y. 461; *Matter of Withall,* 274 App. Div. 846.) Provisions commonly found in wills affording a reasonable flexibility of testamentary directions do not allow the surviving spouse the privilege of electing. Over such provisions the Surrogate is vested with supervisory power to assure fair treatment and adequate protection to the widow. (Decedent Estate Law, section 18, subd. 1, par. [h]; *Matter of Clark,* 275 N. Y. 1.) These powers of supervision, nevertheless, do not enable the court to rewrite the will or to excise any clause therefrom. As it has been said: " Courts have no right to vary or modify the terms of a will to bring a gift  *  *  *  within the provisions of section 18." (*Matter of Wittner, supra,* p 465) and in *Matter of Matthews* (255 App. Div. 80, 85, *supra*) the court said, " Whether a widow has a right of election pursuant to section 18 depends

exclusively upon the terms of the will, construed in the light of that statute." (See, also, *Matter of Sheppard,* 189 Misc. 367, and *Matter of Meyer,* 197 Misc. 169.)

To preclude election by the widow there must be a gift in trust of a sum *equal* to the intestate share or gifts providing in the aggregate such sum (*Matter of Byrnes,* 260 N. Y. 465, 470, *supra; Matter of Clark, supra,* p. 5); the gift of income on the required principal must be from a trust *adequate* in form and in substance to produce a reasonable income in proportion to its assets. (*Matter of Schrauth,* 249 App. Div. 846; *Matter of Mayers,* 184 Misc. 413, affd. 269 App. Div. 1027.) It has been pointed out that the intent of the testator to whittle down the gift is wholly immaterial. " The only pertinent inquiry is as to whether *in fact* such a result has been accomplished. The minimum gift which will validate the will is a use for life of that which in intestacy she would receive outright, which, in this case, is one-third of a cross-section of the estate. The testator may not lawfully impair this irreducible minimum." (*Matter of Bommer,* 159 Misc. 511, 520–521; *Matter of Schmidt,* 171 Misc. 95, affd. 257 App. Div. 827, affd. 282 N. Y. 787; cf. *Matter of Eddy,* 173 Misc. 723, affd. 258 App. Div. 860, affd. 283 N. Y. 556.)

When the testator authorized his executors in their sole discretion to form a corporation, he " must be deemed to have intended the normal consequences of his act, namely, the creation of a corporation with all the powers conferred upon it by the statute governing its existence". (*Matter of Doelger,* 254 App. Div. 178, 184, affd. 279 N. Y. 646.) As was said in the *Doelger* case, at pages 183–184: " A clear distinction must be made between the powers and limitations of a corporation formed pursuant to directions in the will and the powers and limitations of a trustee appointed under the will. * * * But the testator cannot either create, or confer powers on, a corporation. The sovereign alone has such power. And when on the executor's petition it creates a corporation, the State and not the testator gives the corporation all the powers it possesses, including the powers of investment that are usual, legal and customary in such corporation. As the testator can give no power to the corporation, his silence does not keep from it any the law confers. In the case of the trustee, since the testator has the power to give discretionary authority in investments, silence means limitation. In the case of the corporation, since the testator has no such power, silence means the absence of limitation." (See, also, *Boyle* v. *Boyle & Co.,* 136 App. Div. 367, affd. 200 N. Y. 597; *Matter of Woodin,* 186 Misc. 857, and *Matter of Pulitzer,* 72 N. Y. S. 2d 364.)

The corporation being an artificial entity, its business would be carried on by it and not by the executors-trustees as such. (*Matter of Kohler,* 231 N. Y. 353, 366.) The corporate form may not be disregarded and the assets and business of the corporation treated as the assets and business of the estate. (*Matter of Auditore,* 278 N. Y. 234, 244.) Nor may the court disregard the corporate form; it may not, under the guise of making directions consistent with the purposes of paragraph (h) of subdivision 1 of section 18 extend its powers to the affairs of an entity whose rights and privileges are brought into being by the sovereign and not by the testator. These rights and privileges differ in essence from the rights of the executors-trustees; these latter are the creatures of the will, the former are the creatures of the State. The court may not rewrite the will to bring a gift within paragraph (d) of subdivision 1 of section 18; likewise, it may not rewrite the General Corporation Law or the Stock Corporation Law to attain the same result. Paragraph (h) of subdivision 1 of section 18 gives the Surrogate no such power.

In his will testator limited new investments by his executors trustees to legal securities. There is, however, no limitation therein on the powers of the authorized corporation. This unlimited power to invest the funds of the estate in such securities as are " usual, legal and customary " for a corporation, wholly free from the restrictions placed on trustees and immune to court interference, jeopardizes the right of the widow to receive the income required by the statute, the primary object of this trust. " This object is necessarily endangered and may be entirely defeated by exposing the estate to the perils of speculative pursuits which are always subject to the hazard of great loss." (*Matter of Carnell,* 260 App. Div. 287, 292, affd. 284 N. Y. 624; see, also, *Matter of Putnam,* 42 N. Y. S. 2d 367.)

In passing it may be noted that there are other attributes of the corporate form which may serve to reduce the income the widow is entitled to receive from her share of a cross-section of the estate. For example, there might be the incidence of income taxes on the corporation itself in addition to those imposed on the trust's income from dividends (see Internal Revenue Code, §§ 13, 14, 22, subd. [a]; §§ 500, 501, subd. [2], par. [b]; §§ 161, 162; U. S. code, tit. 26); sound corporate accounting practice makes mandatory the creation of adequate reserves before dividends may be distributed (cf. *Matter of Kaplan,* 195 Misc. 132, with *Matter of Davies,* 197 Misc. 827, affd. 277 App. Div. 1021); prudent management may dictate the elimination of

indebtedness or an increase in liquid assets before the declaration of dividends; corporate directors, being charged with the duty of acting in the best interests of the corporation, may not in the discharge of that duty, give preference to the possible conflicting rights of the income beneficiary of the trust; in short, the directors as such must manage the corporation for its best interests, and the executors-trustees as such have no power to interfere with the directors in the proper discharge of their duties. (*Boyle* v. *Boyle & Co., supra.*) These are but a few of the many differences which distinguish the proper conduct of corporate affairs from the management of a trust whose primary function is to provide the widow with the income to which she is entitled in the here and now.

It may be remarked that the investment of the assets of the estate in the corporation here authorized differs materially from the investment of funds in the securities of companies whose shares are listed on important exchanges and whose capital structure and dividend policy are regulated without any thought of the trivial holdings of this estate (cf. *Matter of Herts,* 165 Misc. 738).

The viewpoint which the court has taken of this authorized corporation is not concerned with the duty to which these executors-trustees would be held as directors or stockholders of a corporation were there any invasion of corporate rights. (*Matter. of Horowitz,* 297 N. Y. 252; *Matter of James,* 86 N. Y. S. 2d 78; *Matter of Heinrich,* 195 Misc. 803; *Matter of Auditore,* 249 N. Y. 335; *Matter of Auditore,* 278 N. Y. 234, *supra*). The court is here concerned solely with the determination of the effect of the authorized corporation on the widow's right under the will, as written, to receive the income the legislative fiat commands shall be hers.

The court is of the opinion that the clause authorizing the creation of this corporation is, as said in *Matter of Matthews,* one " potentially destructive, wholly or in part, of that trust *corpus* which the statute * * * clearly contemplates shall be the basis of the widow's income during her life "; it " is fraught with possibility of reduction of that *corpus* " and the income therefrom " which the statute contemplates shall not be reduced by testamentary provisions, if the widow is to be deprived of her election." The clause authorizing the corporation " fails to assure to the widow throughout life the enjoyment of income from a principal sum contemplated by Decedent Estate Law, section 18, subdivision 1, paragraph (d)." (*Matter of Matthews,* 255 App. Div. 80, 84, *supra.*)

The conclusion herein reached makes it unnecessary to consider the other questions raised by the parties. Accordingly, petitioners' application that the widow take her intestate share of the estate in lieu of testamentary provisions for her benefit, in which application the widow joins, is granted. Since the purposes of the trust for the life of the widow have been defeated, the remainder being vested, it is presently payable to the remaindermen after apportionment of the widow's intestate share. (*Matter of Giddings,* 198 Misc. 536 and cases there cited.)

Proceed accordingly.