Maximilian Moss, S.
Two of decedent’s children have filed objections to the propounded instrument. The proponents have moved that the objections be dismissed on the ground that the objectants are not persons interested within the meaning of section 147 of the Surrogate’s Court Act. In support of the motion proponents allege that contestants would receive more under the will than they would under intestacy and therefore contestants do not have a financial interest warranting the filing of objections.
The propounded instrument, after providing for payment of just debts and funeral expenses, leaves all the rest, residue and remainder in trust to pay the income therefrom to decedent’s wife during her lifetime. Upon the death of decedent’s wife the trust shall terminate and the remainder of the principal and income shall be distributable in certain specified shares to contestants and decedent’s other children or their issue per stirpes.
The principal assets of decedent’s estate consist of shares of stock owned by decedent in three closely held corporations. By his will decedent authorized the named trustees to deal with the principal and income of the trust without limitation of their.powers “which now are or may hereafter be conferred by law. ’ ’ Among the broad powers conferred upon the trustees is that of disposing of decedent’s property including “ principal or accumulated income ” to be administered by the trustees, *115 for cash or on credit, secured or unsecured. An element of risk exists in business ventures whether conducted by individuals or corporations. The fact that decedent’s will virtually eliminates any restrictions placed upon trustees by law may adversely affect the remaindermen’s rights (Matter of Ealperin, 201 Misc. 763; Matter of Carnell, 260 App. Div. 287, 292, affd. 284 N. Y. 624). There is no assurance that the principal assets of the estate will remain constant so as to provide a larger bequest to the remaindermen upon the termination of the trust than they would receive by immediate distribution as in intestacy.
The authorities relied upon by proponents principally deal with questions of status and are clearly distinguishable. No question of status is involved in the case at bar. Moreover, payment of any benefit under the will is postponed until the trust for the benefit of the widow terminates. The contestants herein do have a substantial financial interest to protect and are interested persons within the purview of section 147 of the Surrogate’s Court Act (Matter of Salkind, 11 Misc 2d 826; Matter of Rose, 185 Misc. 39, affd. 269 App. Div. 933). Triable issues having been raised, objections to probate should not be summarily dismissed. The motion is therefore denied.
Settle order on notice.