In the Matter of the Accounting of Louis Leinwand et al., as Executors of Sol Fleishman, Deceased.

Surrogate's Court, Kings County, June 11, 1947.

*Albert Schlefer* for executors.

*Abraham Wilson* for Eva Fleishman and another, respondents.

*Fred M. Ahern* for State Tax Commission.

*George Rosling,* special guardian for Mark J. Cohan and others, infants, respondents.

*Blum & Jolles* for Consul General.

McGarey, S. In this accounting proceeding, accountants seek a determination as to the validity and effect of the notice of election filed by the widow of testator to take an intestate share of his estate as against the terms of his will.

A question is presented as to whether or not under paragraphs " Eighth " to " Twelfth ", inclusive, of the will, the widow's election is governed by paragraph (b) of subdivision 1 of section 18 of the Decedent Estate Law, so that she may have only the limited right to presently take $2,500 in cash, to be deducted from the principal of the trust fund " * * * and the terms of the will shall otherwise remain effective."

Testator died in October, 1945, survived by his widow and two daughters as his distributees. After providing in his will, dated July 12, 1943, for monetary bequests to his nephew and two nieces and specific bequests of personalty to his two daughters

and his nephew, he devised and bequeathed the residue to his trustees " during the lives " of his two daughters, in trust to collect the income, rents and profits, and pay " out of the income of the said trust " the sums of $100 per month to his wife (par. ninth) and $30 per month to each of his two daughters (pars. tenth, eleventh), with a substitutionary bequest of income, in the event of the death of either daughter, to the issue of the deceased daughter during the life of the surviving daughter (par. eleventh). It is " upon the death of my two daughters hereinabove named " that the trustees are directed to pay over the corpus to the issue of his two daughters share and share alike (par. twelfth). Except for the benefit provided in paragraph " Ninth ", no other provision is made for the widow.

The statutory limitation provided in paragraph (b) of subdivision 1 of section 18 is with respect to a devise or bequest in trust where the income therefrom is payable to the surviving spouse " for life ". It contemplates an unconditional estate to the surviving spouse *throughout life* and not a conditional one. The Court of Appeals, in the *Matter of Byrnes* (260 N. Y. 465, 473–474), emphasized that if the Legislature " * * * had meant equitable estates for life, determinable by any condition which the testator might impose, it would have been easy for it so to have stated. We conceive its intent to have been that the equivalent substitute of the intestate share in the form of a trust should be none other than a trust for the benefit of the surviving spouse throughout life."

The testamentary direction for the payment of a specified sum " out of the income of the said trust " which trust by testamentary direction is to terminate " upon the death of my two daughters " is not " an equivalent substitute " of the widow's intestate share.

It necessarily follows that the testamentary direction to terminate the trust upon the death of the two daughters entitles the widow to elect to take outright her intestate share.

Proceed accordingly.