William J. Began, S.
This is a will construction proceeding to determine whether an inter vivos trust agreement qualifies as *874 a testamentary substitute. The testator, Thomas B. McGrattan, died on July 17, 1971, leaving him surviving his widow, Marcia B. McGrattan, among others. The testator and said widow had been married December 22, 1942, and remained husband and wife until decedent’s death. The last will and testament of the deceased, dated September 28, 1967, was admitted to probate in this court on July 29, 1971, and letters testamentary were issued to Mortimer A. Sullivan, Jr., Esq.
Paragraph (fourth) of said will states:
“ FOURTH: All my residuary estate, that is to say, the rest and residue of the property, both real and personal, of every kind and wherever located belonging to me at my death and remaining before the payment of federal estate, New York estate, and similar taxes from any portion thereof, I give, devise and bequeath to the Trustee named in my Inter Vivos Trust Number Six, identified as THOMAS B. MoGRATTAN TRUST NUMBER SIX, created on or about June 18, 1964, as amended the 14th day of September, 1967, and to be administered pursuant to the provisions thereof in every respect.”
The trust agreement referred to above, in its original form, on June 18, 1964, provides as follows:
“ Second: (b) The Trustee during the lifetime of Thomas B. McGrattan shall pay said net trust income to or for the benefit of Thomas B. McGrattan.
“ (c) Upon the death of Thomas B. McGrattan the Trustee shall pay said net trust income to or for the benefit of Mabel McGrattan, the Mother of Thomas B. McGrattan, if she be then alive, during her lifetime.
“ (d) If there are no income beneficiaries as provided above in (b) or (c), the said rents, issues, income and profits from the said trust funds shall be paid over and distributed to or for the benefit of the descendants of Thomas B. McGrattan per stirpes, or in such other proportions as the Trustee, subject to instructions from the Advisors may deem advisable at the time of each such distribution.”
By modification agreement dated September 14, 1967, paragraph (d) above was modified to read as follows:
“ (d) If there are no income beneficiaries as provided under (b) or (c), the said rents, issues, income and profits from the said trust funds shall be paid over and distributed to or for the benefit of Marcia Bassett McGrattan, wife of Thomas B. McGrattan, if she be then alive, during her lifetime. ’ ’
*875 It is to be noted that paragraph FOURTH of the said trust agreement provides as follows:
“ FOURTH: The trust herein created shall be measured by and shall continue no longer than during the lifetime of the survivor of the descendants of George B. Bassett and Thomas B. McGrattan who were living on June 15,1964.”
It is further noted that paragraph tenth II of said agreement provides:
‘ ‘ TENTH: II. The trust hereby created shall be irrevocable except that during the lifetime of Thomas B. McGrattan the trust may be revoked or modified in whole or in part at any time by Thomas B. McGrattan with the written consent of either (1) the Trustee, (2) Marcia Bassett McGrattan, wife of Thomas B. McGrattan, or (3) in case of the death or disability of Marcia Bassett McGrattan, wife of Thomas B. McGrattan, the attorney handling financial matters of Thomas B. McGrattan.”
The issue presented is twofold. The first being whether the widow has a valid right of election, and second, whether the inter vivos trust company is a “ testamentary substitute ”. This second issue appears to be one of first impression in this State. The issue concerning the right of election does not meet' with any serious opposition. It is conceded that a trust agreement which is subject to termination upon the death of someone other than the widow fails to meet the statutory conditions necessary to bar the widow’s right of election. (EPTL 5-1.1, subd. [c], par. [1], cl. [F].) Bearing in mind that the inter vivos trust is measured by the lives of certain descendants that were living on June 15, 1964, said descendants being children of decedent, Sue Bassett McGrattan and Norman McGrattan, and it appearing that the trust would terminate upon their deaths, even if the mother, Marcia B. McGrattan, is still living, there is a failure of compliance with the above section of EPTL. Under such circumstances, the widow, Marcia B. McGrattan, is entitled to her right of election. (Matter of Gingold, 116 N. Y. S. 2d 868; Matter of Fleishman, 189 Misc. 655.)
As concerns the second issue, the Legislature enumerated certain decedent transactions, which, by the specific terms of paragraph (1) of subdivision (b) of EPTL 5-1.1 would be includable in his total estate for purposes of election. Among these inter vivos transactions, considered to be testamentary substitutes, are certain revocable transfers in trust. The statute further provides that inter vivos transactions are includable in decedent’s total estate for purposes of election only if: (1) The will of a decedent dying testate was executed after August *876 31, 1966; (2) The transaction under consideration had been effected during the marriage; and (3) The said transaction had also been effected after August 31, 1966. Each of these conditions is necessary for having a transaction qualify as a testamentary substitute. As stated, the decedent on September 28, 1967, executed a last will and testament by which his entire testamentary estate (except for automobile and personal effects) was bequeathed to the trustee of the inter vivos trust herein referred to. The provision of the trust as originally executed on June 18, 1964, and the portions thereof pertaining to this issue are stated above. The modification of September 14, 1967 was a transaction significant enough to be classified as an inter vivos disposition to be treated as a testamentary substitute for the purpose of election by the surviving spouse under EPTL 5-1.1 (subd. [b], par. [1], cl. [E]):
“ (E) Any disposition of property made by the decedent after August thirty-first, nineteen hundred sixty-six, in trust or otherwise, to the extent that the decedent at the date of his death retained, either alone or in conjunction with another person, by the express provisions of the disposing instrument, a power to revoke such disposition or a power to consume, invade or dispose of the principal thereof. The provisions of this paragraph shall not affect the right of any income beneficiary to the- income undistributed or accrued at the date of death. ’ ’
The decedent having retained a power to revoke such disposition, the requirments of the above section have been complied with.
Under all the circumstances the court is satisfied that the decedent’s will was executed subsequent to August 31, 1966 and that an existing inter vivos trust was significantly modified subsequent to August 31, 1966, for the apparent purpose of barring the surviving spouse’s right of election, and as such may be elected against as a testamentary substitute by the widow, Marcia B. McGfrattan.
Inasmuch as it was necessary for the attorneys for the widow, Diebold and Millonzi, to commence a construction proceeding of said will and it was necessary to examine the trust agreement as modified in order to determine whether the widow was entitled to her right of election, fees will be allowed to the attorney for the widow and charged against the estate.